# (November 17, 1971)

■ In the Matter of the Application of WESTCHESTER LEGAL SERVICES, INC., for an Order Pursuant to Section 495 of the Judiciary Law. — Application of Westchester Legal Services, Inc. (WELSERV) for approval pursuant to subdivision 5 of section 495 of the Judiciary Law of establishment of a legal assistance project in Sullivan County, denied. WELSERV provides legal services to the poor in Westchester County pursuant to order of the Appellate Division, Second Department, dated December 20, 1967. In July of this year, WELSERV petitioned the Appellate Division, Second Department, for approval of extension of its operations into Orange and Sullivan Counties. By order dated July 15, 1971, the Appellate Division, Second Department, approved, for a limited time, extension of WELSERV's operations into Orange County only. Heretofore, by order dated December 26, 1967, this court approved incorporation of Sullivan County Legal Services Corporation (hereafter Sullivan) (*Matter of Sullivan County Bar Assn.*, 29 A D 2d 608), which until June, 1971, received financial assistance from the Office of Economic Opportunity. In April, the Office of Legal Services, Region II, OEO, as a result of unfavorable survey reports made by its director with respect to the performance of Sullivan, determined to withdraw from it any further financial aid and, at the same time, to recommend approval, effective June 30, 1971, of a grant by OEO to WELSERV to implement extension of its operations into Orange and Sulli-

van Counties. As a result, the petition alleges, the Office of Economic Opportunity intends to provide funds for legal services for the poor of Sullivan County only through WELSERV, and that, if approval is withheld, there will be no OEO-funded legal services for indigents in Sullivan County. In approving incorporation of Sullivan County Legal Services Corporation, this court required that a majority of the board of directors be lawyers, this in accordance with its policy that the corporation should be responsive to and supervised by lawyers summarily responsible to the court. Implicit in this policy is the requirement for board representation by members of the legal profession in the area to be served by a legal services corporation. To approve this application, in light of the events which have transpired, would run diametrically contrary to that policy. In addition, although given ample opportunity to do so, petitioner has failed to demonstrate in any way the respects in which Sullivan's program was deficient or the reasons adequate legal services could not be made available to the poor through the approved legal services corporation. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur.