■ In the Matter of EDITH OSTRANDER et al., Petitioners, v. GEORGE K. WYMAN, as Commissioner of· New York State Department of Social Services, et al., Respondents. — Petitioners' motion for permission to waive compliance with the court's rules in prosecuting a transferred article 78 proceeding was held pending inquiry as to the legal status of Mid-Hudson Valley Legal Services Project, an assumed name under which Monroe County Legal Assistance Corporation maintains a legal aid office in this ·department in Sullivan County, the expense of which presumably is financed, in whole or in part, with Federal funds allocated to Monroe by the Office of Economic Opportunity. Petitioners' attorney, duly licensed in this State, is an employee of Monroe assigned to the Mid-Hudson project. Monroe's president has filed (1) a copy of the certificate of incorporation of Monroe County Legal Assistance Corporation, which provides that " the territory in which its operation is principally to be conducted is in the County of Monroe", and (2) a copy of an amended certificate which expands its area of operation to " the State of New York". Although each certificate bears the approval of an individual Justice of the Appellate Division, Fourth Department, neither appears to have received specific approval of that court pursuant to subdivision 5 of section 495 of the· Judiciary Law. .Indeed, it appears that both Monroe's board of directors and this court have been advised to the contrary. Even so, we do not otherwise question the right of Monroe's employees to appear in any court in the State. The narrow question · which the presence of the Mid-Hudson office raises is whether section 495 of the Judiciary Law requires a corporation to obtain approval of the appellate division of the ·department in which it proposes to maintain a legal aid office. We conclude that it does. We know of no instance where an appellate division has approved establishment of an office in another department. Indeed, the long-standing practical construction of section 495 has been that such approval is given only with respect to establishment of offices in the department of the Appellate Division to which application is made. To accept Monroe's contrary view would permit one Appellate Division to authorize a single corporation to maintain a network of branch offices throughout the State in complete disregard

of New York's traditional concept, implicit in section 495, of supervision of the legal profession along department-wide lines. Furthermore, the activities. of Monroe in this department, through its so-called Mid-Hudson Valley Legal Services Project, appear to contravene rule DR 2–103(D) of the Code of Professional Responsibility, which provides that a legal aid office should be approved by a bar association representative of the general bar of the geographical area in which the association exists. Finally, it should be noted that the " project" installed in Sullivan County by Monroe appears to be the same program for which approval was denied upon application of Westchester Legal Services, Inc. (*Matter of Westchester Legal Servs.*, 37 A D 2d 1024.) Whether our decision in that case was right or wrong is beside the point. Monroe's president acknowledges that although its board of directors was aware of our decision, it nevertheless decided to disregard it. Surely, such a course of conduct by Monroe's board, a majority of whom are attorneys, is not in conformity with either orderly procedure or with the statement in Monroe's certificate of incorporation that its purposes " do not contemplate and shall not be deemed to countenance any conduct on the part of any employee of the corporation which otherwise may be found to be in violation of any statute, the canons of professional ethics of the New York State Bar Association, the rules of the Appellate Division regulating the conduct of attorneys or any other court ruling.". For the foregoing reasons, we conclude that petitioners' attorney is disqualified from appearing on their behalf and that the motion must be denied. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.