■ In the Matter of the Application of MONROE COUNTY LEGAL ASSISTANCE CORPORATION for Approval of an Office in Sullivan County.— Petition of Monroe County Legal Assistance Corporation for approval, pursuant to subdivision 5 of section 495 of the Judiciary Law, for maintenance of a legal services office in the Village of Liberty, Sullivan County, granted upon the following terms and conditions (see *Matter of Montgomery County Legal Aid Soc.,* 41 A D 2d 859; cf. Rules of App. Div., 1st Dept., Part 608 [22 NYCRR, Part 608]) : 1. Approval shall be temporary and shall expire on October 30, 1973. 2. All legal advice and legal services shall be furnished and rendered solely by attorneys duly admitted to practice law in this State; and each attorney shall assume and maintain full professional and direct responsibility for any and all advice given or services rendered. 3. Where legal services require maintenance of an action or proceeding, the attorney in charge shall appear as attorney of record and his name shall appear as such attorney on all legal papers in the action or proceeding; the name of the corporation may follow in parentheses. 4. Legal services shall not be furnished to another corporation, association or organization or group, except as may be necessary for the purpose of promoting the interests of persons eligible as indigent individuals. 5. Attorneys employed by the corporation shall not represent political parties or factions thereof; shall not accept contingency fee cases unless it is established, after a reasonable effort of referral, that a private attorney would not be willing to accept the case; and shall not engage in any political, lobbying

or propagandistic activities or organize or assist protest or civil disobedience groups or social movements. The granting of this application, though temporary, goes contrary to our policy that legal aid corporations be responsive to the legal profession and inhabitants of the area in which the proposed office will be located, since neither lawyers nor other persons residing in Sullivan County are represented on petitioner's board of directors. (See *Matter of Westchester Legal Servs.*, 37 A D 2d 1024.) An exception to that policy is, however, warranted at the present time because there is no other legal aid program or organization in the county capable of handling the substantial backlog of cases which have been pending since our decision in *Matter of Ostrander* v. *Wyman* (41 A D 2d 580, mot. for lv. to app. den. 31 N Y 2d 647). Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.